UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-CIV-25237-GOODMAN
[CONSENT CASE]

ROBERT STRICKLAND, et al.,

    Plaintiffs,

v.

CARRINGTON MORTGAGE
SERVICES, LLC, et al.,

  Defendants.
_____/

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, CERTIFYING <u>FAY SETTLEMENT CLASS</u> FOR
SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE,
<u>AND SCHEDULING A FINAL APPROVAL HEARING</u>**

The Court has reviewed the Motion for Preliminary Approval of Class Action Settlement of Plaintiffs Latasha Jackson and Barbra Bowles ("Settling Plaintiffs") with Defendants Fay Servicing LLC ("Fay"), Southwest Business Corporation ("SWBC"), and American Modern Insurance Group, Inc., American Modern Home Insurance Company, The Atlas Insurance Agency, Inc., Midwest Enterprises, Inc., American Family Home Insurance Company, American Modern Surplus Lines Insurance Company, American Western Home Insurance Company, American Southern Home Insurance Company, American Modern Insurance Company of Florida, Inc., American Modern Select

Insurance Company, and American Modern Lloyds Insurance Company, (individually and collectively, the "AMIG Defendants") (together, Fay, SWBC, and AMIG Defendants are referred to as "Defendants"), including the parties' Stipulation and Settlement Agreement dated April 28, 2017 (the "Settlement Agreement"). [ECF No. 53].

The Court **ORDERS** as follows:

1.  **Settlement**. Settling Plaintiffs and Defendants have negotiated a proposed settlement of Settling Plaintiffs' claims in this action (the "Strickland Litigation" or the "Litigation"), individually and on behalf of a class of borrowers of Fay, described below as the Fay Settlement Class, to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims against (a) Fay, SWBC, and AMIG Defendants, individually and collectively, and each of their respective past or present, direct or indirect Affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, insurers, shareholders, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, brokers, distributors, retailers, representatives, and attorneys of any such entities or persons; and (b) any trustee or investor of a mortgage securitization trust that included loans made to any Fay Settlement Class Member, any owner, investor and/or noteholder of the loans Fay services for which properties LPI was placed for any Fay Settlement Class Member, including, but not limited to all of their respective past, present and future, direct or

indirect, divisions, parents, subsidiaries, parent companies, and Affiliates, and all of the officers, directors, employees, agents, brokers, distributors, insurers, representatives, contractors, successors and assigns, and attorneys of all such entities (individually and collectively, "Released Persons").

2. **Review.** The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are incorporated here as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3. **Preliminary Approval**. The Settlement Agreement entered into by and among the Settling Plaintiffs and Fay, SWBC, and AMIG Defendants (collectively, "Defendants") was negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate and within the range of possible approval.

4. **Settlement Class Relief**. The proposed Claim Settlement Relief to Fay Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Fay Settlement Class shall consist of:

> All borrowers in the United States who, from January 1, 2009 through the date of entry of this Preliminary Approval Order ("Settlement Class Period"), inclusive of those dates, were charged by Fay for a hazard, flood, flood-gap, or wind-only LPI Policy for Residential Property issued by AMIG Defendants and procured by SWBC during the Settlement Class Period and who either (i) paid to Fay all or

part of the Net Premium for that LPI Policy, or (ii) were charged but did not pay and still owe to Fay the Net Premium for that LPI Policy.

Excluded from the Fay Settlement Class are: (i) individuals who are or were during the Settlement Class Period officers or directors of Fay, AMIG Defendants, or SWBC, or of any of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or of any State, their spouses, and persons within the third degree of relationship to any of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was cancelled in its entirety such that any premiums charged and/or collected were fully refunded or credited to the borrower or the borrower's escrow account; and (iv) all borrowers who file a timely and proper request to be excluded from the Fay Settlement Class. Each such qualifying member of the Class shall be referred to as a "Fay Settlement Class Member."

The Settlement Class Period shall commence on January 1, 2009, and shall continue through and including the date of entry of this Order.

5. **Preliminary Certification of Settlement Class.** For settlement purposes only, the Court makes the following determinations as to certification of the Fay Settlement Class:

    5.1. The Court preliminarily certifies the Fay Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

    5.2. The Fay Settlement Class is so numerous that joinder of all members is impracticable;

    5.3. There are questions of law or fact common to the members of the Fay Settlement Class;

    5.4. The claims of the Settling Plaintiffs are typical of the claims of the other Fay Settlement Class Members;

5.5. Settling Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Fay Settlement Class, in connection with the Settlement Agreement;

5.6. Common questions of law and fact predominate over questions affecting only individual members of the Fay Settlement Class;

5.7. Fay Settlement Class Members are ascertainable; and

5.8. Resolution of the claims in this Litigation by way of a nationwide class action settlement is superior to other available methods for the fair and efficient resolution of the claims of the Fay Settlement Class.

6. **Designation of Class Representative**. Settling Plaintiffs Latasha Jackson and Barbra Bowles are designated as the representatives of the Fay Settlement Class for the sole purpose of seeking a settlement of their claims against Fay, SWBC, and AMIG Defendants in the Strickland Litigation.

7. **Designation of Class Counsel**. The law firms of Kozyak, Tropin, & Throckmorton, P.A.; Podhurst Orseck, P.A.; and Harke Clasby & Bushman LLP, are designated as Class Counsel for the Fay Settlement Class for the sole purpose of the Settlement.

8. **Final Approval Hearing**. A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at **9:30 a.m. on Monday, January 22, 2018 before Magistrate Judge Jonathan Goodman in the United States Courthouse**

**located at 99 NE 4th Street, Eleventh Floor Courtroom Number 11-3, in Miami, Florida**, to determine, among other things: (i) whether the classwide Settlement of Settling Plaintiffs' claims against Fay, SWBC, and AMIG Defendants in the Strickland Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Settling Plaintiffs' claims against Fay, SWBC, and AMIG Defendants in the Strickland Litigation should be dismissed with prejudice per the terms of the Settlement Agreement; (iii) whether Fay Settlement Class Members should be bound by the Releases set forth in the Settlement Agreement; (iv) whether Fay Settlement Class Members should be subject to a permanent injunction which, among other things, bars Fay Settlement Class Members who have not opted out of the Fay Settlement Class from filing, commencing, prosecuting, maintaining, intervening in, participating in (as parties, class members or otherwise), and from organizing or soliciting the participation of other Fay Settlement Class Members to pursue any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses, and proposed Case Contribution Awards to Settling Plaintiffs, should be approved.

9. **Class Notice**.

    9.1. The Court approves the Class Notice as described in the Settlement Agreement, including the Mail Notice attached as Exhibit B to the Settlement Agreement [ECF No. 53-1, p. 96] and the manner of providing Mail Notice to Fay Settlement Class

6

Members described in Section 6 of the Settlement Agreement [ECF No. 53-1, p. 33]. The Court finds that Class Notice as described in the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Fay Settlement Class Members of the pendency of this Litigation, the terms of the Settlement Agreement, and their right to object to the Settlement or to exclude themselves from the Fay Settlement Class. The Court further finds that Mail Notice, Publication Notice, the Settlement Website, and the other forms of Class Notice described in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of Fed. R. Civ. P. 23 and due process.

    9.2. The Mail Notice, in the form and content of Exhibit B to the Settlement Agreement [ECF No. 53-1, p. 96], shall be mailed by the Settlement Administrator not less than ninety (90) days before the Final Approval Hearing regarding the Settlement, in the manner described in the Settlement Agreement. The Claim Form Instructions and Claim Form, in the form and content attached as Exhibit C [ECF No. 53-1, p. 105] and Exhibit D [ECF No. 53-1, p. 111] to the Settlement Agreement, shall be included with the Mail Notice.

    9.3. A summary Publication Notice, in the form and content attached as Exhibit E to the Settlement Agreement [ECF No. 53-1, p. 114], shall be published by the

Settlement Administrator not less than sixty (60) days before the Final Approval Hearing regarding this Settlement, in the manner described in the Settlement Agreement.

        9.4.    No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website") that shall contain copies of the Settlement Agreement and Exhibits, the Preliminary Approval Order, the Mail Notice, Claim Form Instructions, Claim Form; Spanish translations of the Mail Notice, Claim Form, and Claim Form Instructions; and such other documents as Class Counsel and Defendants' Counsel agree upon. The Claim Form Instructions and Claim Form shall be available to download or print from the Settlement Website. In addition, the Settlement Website shall allow for the option of completing Claim Forms online on the Settlement Website, utilizing an esignature format, and of uploading required verification documents to the Settlement Website per the instructions on the Settlement Website. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as www.JacksonLPI.com, or such other URL as Class Counsel and Defendants' Counsel agree upon. The Settlement Website shall remain open and accessible through the date on which the Settlement Administrator provides a Final Accounting, as described in Section 7.7 of the Settlement Agreement. The Settlement Website shall not include any advertising, and shall not bear any logos or trademarks of Defendants other than those appearing in the Settlement Agreement. Further, the Settlement Administrator shall publish, beginning not less than 60 days

before the Final Approval Hearing, advertisements on the internet directed to Fay Settlement Class Members in form and content mutually acceptable to Class Counsel and Defendants' Counsel as described in the Settlement Agreement.

9.5. No later than the posting of the Mail Notice, the Settlement Administrator shall also establish a toll-free interactive voice response ("IVR") phone number, without live operators, with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the Mail Notice and Claim Form. The phone number shall remain open and accessible through the last day for Fay Settlement Class Members to submit a Claim Form. The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left by Fay Settlement Class Members concerning the Litigation and/or this Settlement, so that Class Counsel may timely and accurately respond to such inquiries; *provided however*, the Settlement Administrator shall review the recorded messages before providing them to Class Counsel, and if one or more of the messages requests a blank Claim Form or other similar administrative assistance only, then the Settlement Administrator shall respond to such administrative request(s), but the Settlement Administrator shall provide all other messages to Class Counsel for any further response to the Fay Settlement Class Member.

9.6. Fay Settlement Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Agreement as Exhibit C [ECF No. 53-1,

p. 105], requesting Claim Settlement Relief in accordance with the terms of the Agreement. To be considered valid and timely, a Claim Form must be signed by the Fay Settlement Class Member, materially complete as provided in the Agreement, and (a) if in paper form, mailed to the address of the Settlement Administrator as specified in the Claim Form and postmarked by March 28, 2018 ("Claim Deadline"), which is at least 60 days after Final Approval Hearing; or (b) if submitted electronically via the Settlement Website, be completed and submitted by midnight EST on the Claim Deadline. Submitted Claim Forms shall be reviewed and handled by the Settlement Administrator in accordance with the Settlement Agreement.

9.7. Not less than 10 days prior to the Final Approval Hearing, Class Counsel shall file a declaration or affidavit from the Settlement Administrator with the Court regarding proof of mailing of the Mail Notice, publication of the Publication Notice and of internet advertising, establishing of the Settlement Website, and identifying Fay Settlement Class Members who timely submitted Requests for Exclusion.

9.8. Class Counsel and Defendants' Counsel as jointly agreed, along with the Settlement Administrator, are authorized to complete any missing information and to make any non-substantive revisions to the Claim Form, Claim Form Instructions, Mail Notice and Publication Notice that do not materially reduce the rights of Fay Settlement Class Members prior to disseminating them as necessary to fulfill the

purposes of the Settlement. The font size, layout, and other presentation elements of the Claim Form, Claim Form Instructions, Mail Notice and Publication Notice may be adjusted to accommodate printing, mailing and publication considerations.

9.9. Defendants shall each comply with the notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed Settlement.

10. **Settlement Administrator**. The Court approves and authorizes Defendants to retain JND Legal Administration as Settlement Administrator to implement the terms of the Settlement Agreement, and authorizes and directs such Settlement Administrator to (a) print and mail the Mail Notice, Claim Form, and Claim Form Instructions; (b) establish the IVR phone line system; (c) initiate the Internet advertising campaign; (d) establish the Settlement Website; (e) publish the Publication Notice; (f) receive and process Claim Forms; and (g) carry out such other responsibilities as are provided for in the Settlement Agreement or as may be agreed to by Class Counsel and Defendants, all according to and as provided in the Settlement Agreement.

11. **Exclusion from the Fay Settlement Class.** Any Fay Settlement Class Member who wishes to be excluded from the Fay Settlement Class must send a written Request for Exclusion to the Settlement Administrator by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked by December 13, 2017 ("Opt Out Deadline"), which is no less than thirty (30) days before the Final Approval Hearing.

11.1. To be valid, the Request for Exclusion must: (a) identify the case name and number; (b) identify the name and address of the Fay Settlement Class Member; (c) be personally signed by the Fay Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Fay Settlement Class in the Strickland Litigation, such as "I hereby request that I be excluded from the proposed Fay Settlement Class in the Strickland Class Action." Mass or class opt outs shall not be allowed.

11.2. A Fay Settlement Class Member who desires to opt out must take timely affirmative written action per this Order and the Settlement Agreement, even if the Fay Settlement Class Member desiring to opt out of the Fay Settlement Class (a) files or has filed a separate action against any of the Released Persons, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

11.3. Except for those Fay Settlement Class Members who timely and properly file a Request for Exclusion, all other Fay Settlement Class Members will be deemed to be Fay Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, including, but not limited to, the Releases in Section 10 of the Settlement Agreement and a Final Judgment approving the Settlement.

11.4. If the proposed Settlement is finally approved, any Fay Settlement Class Member who has not submitted a timely, written Request for Exclusion from the

Fay Settlement Class shall be bound by the Judgment and all subsequent proceedings, orders, and judgments in this Litigation, even if he or she has pending, or subsequently initiates, litigation against Fay, SWBC, AMIG Defendants, or any Released Persons relating to any of the Released Claims as defined in the Settlement Agreement.

11.5. If the number of Fay Settlement Class Members who properly and timely exercise their right to opt out of the Fay Settlement Class exceeds five percent (5%) of the total number of Fay Settlement Class Members, the Settling Parties agree that Defendants shall have the right, at their option, to terminate this Agreement without penalty or sanction.

12. **Objections and Appearances**. Any Fay Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Order and the Settlement Agreement may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Fay Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and mail copies to Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement, by December 13, 2017 (the "Objection Deadline"), which is no less than thirty (30) days before the Final Approval Hearing:

**For Settling Plaintiffs and Fay Settlement Class**
Adam M. Moskowitz
Kozyak, Tropin, & Throckmorton, LLP
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

**Fay's Counsel**:
Elizabeth Campbell
LOCKE LORD LLP
525 Okeechobee Blvd., Suite 1600
West Palm Beach, FL 33401
Tel: 404.870.4679
Fax: 404.806.5679
ECampbell@lockelord.com
*Counsel for Fay Servicing, LLC*

**AMIG Defendants' Counsel:**
Mark A. Johnson
mjohnson@bakerlaw.com
Rodger L. Eckelberry
reckelberry@bakerlaw.com
Robert Tucker
rtucker@bakerlaw.com
Baker & Hostetler LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
*Counsel for AMIG Defendants*

**SWBC's Counsel**:
Diana C. Manning
dmanning@bressler.com
Benjamin J. DiLorenzo
bdilorenzo@bressler.com
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike, Suite 301
Florham Park, New Jersey 07932
Telephone: (973) 514-1200
*Counsel for SWBC*

12.1. The requirements to assert a valid written objection shall be set forth in the Mail Notice and on the Settlement Website, and shall include: (a) the case name and number; (b) the name, address, and telephone number of the Fay Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for the objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

12.2. Any Fay Settlement Class Member who fails to object to the Settlement in the manner described in the Mail Notice and consistent with this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

12.3. Subject to approval of the Court, any Fay Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Fay Settlement Class Member: (a) files with the Clerk of the Court by the Objection Deadline a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"), which must include the case name and number and the Fay Settlement Class Member's name, address, telephone number, and signature;

and (b) serves copies of the Notice of Intention to Appear on all counsel designated in this Order by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Fay Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any attorney who intends to represent an objecting Fay Settlement Class Member at the Final Approval Hearing must do so at the Fay Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Fay Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other requirements of this Order and the Settlement Agreement will not be entitled to appear at the Final Approval Hearing to raise any objections.

13. **Releases.** If the Settlement is finally approved, all Fay Settlement Class Members who have not filed a timely and proper Request for Exclusion shall release the Released Persons from all Released Claims, as more fully described in Section 10 of the Settlement Agreement, including but not limited to, *inter alia*, all claims, charges, or demands that relate, concern, arise from, or pertain in any way to the Released Persons' acts, omissions, policies, or practices concerning the placement or issuance of LPI Policies, or disclosure or nondisclosure of charges related to the advancing of LPI premiums during the Settlement Class Period, allegedly inflated premiums charged by Defendants for LPI, alleged "kickbacks" Fay received or AMIG Defendants or SWBC

paid in connection with Fay's LPI program (including but not limited to alleged no or low-cost loan monitoring services), and all acts, omissions, policies or practices of Defendants concerning LPI Policies or charges for LPI Policies under the Fay LPI program during the Settlement Class Period.

14. **Attorneys' Fees and Expenses, and Case Contribution Awards**. Settling Plaintiffs and Class Counsel agree not to seek an award of Attorneys' Fees and Expenses in the Litigation in a total amount that exceeds $375,000. Class Counsel and Settling Plaintiffs agree not to seek Case Contribution Awards that exceed $5,000 each for Settling Plaintiffs for their work and assistance in this Litigation. Defendants agree not to oppose applications for Attorneys' Fees and Expenses and Case Contribution Awards that do not exceed the foregoing amounts.

15. **Preliminary Injunction.** In order to protect the continuing jurisdiction of the Court and to effectuate this Order, the Agreement and the Settlement, all Fay Settlement Class Members who do not timely exclude themselves from the Fay Settlement Class, and anyone acting or purporting to act on their behalf, are preliminarily enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members or otherwise), any lawsuit in any jurisdiction before any court or tribunal based on or related to any Released Claims against any Released Persons; or (b) organizing any Fay Settlement Class Members into a separate class for purposes of pursuing as a purported class action

17

any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a new or pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims.

16. **Service of Papers.** Class Counsel and Defendants' Counsel and shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Fay Settlement Class Members. Class Counsel and Defendants' Counsel shall promptly furnish to each other any and all objections or written Requests for Exclusion that may come into their possession and shall file such objections with the Court on or before the Final Approval Hearing, unless such documents already appear on the Court's docket.

17. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or the Judgment is not entered or does not become Final, or the Effective Date does not occur; or (b) the Settlement Agreement is terminated per the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect;

the preliminary certification of the Fay Settlement Class for settlement purposes shall be automatically vacated; the addition of the New Defendants as parties shall be void *ab initio* so that the New Defendants will be as if they were never added as defendants to the Litigation; all communications and documents related to the Settlement will be subject to Federal Rule of Evidence 408 and all other applicable settlement, negotiation and mediation privileges; this Order or other judgment or order entered by the Court in accordance with the terms of the Settlement Agreement will be treated as vacated, *nunc pro tunc*; the Settlement Agreement and the Court's Orders, including this Order, shall not be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18.     **Use of Order Following Termination of Settlement**. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or by or against Settling Plaintiffs or Fay Settlement Class Members that their claims lack merit or that the relief requested in this Litigation is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

19.     **Stay**. All proceedings in the Litigation as to the claims of Settling Plaintiffs against Defendants are stayed, including Defendants' obligation to file an

answer or other response to the Amended Complaint, except as necessary to effectuate the terms of the Settlement.

20. **Necessary Steps**. The Court authorizes and directs the Parties to take all other necessary and appropriate steps to implement the Settlement as set forth in the Settlement Agreement.

**DONE AND ORDERED** in Chambers, in Miami, Florida on August 9, 2017.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record