UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-CIV-25237-GOODMAN
[CONSENT CASE]

ROBERT STRICKLAND, et al.,

     Plaintiffs,

v.

CARRINGTON MORTGAGE
SERVICES, LLC, et al.,

 Defendants.

_____/

## ORDER GRANTING FINAL APPROVAL TO *CARRINGTON* CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

The claims of Settling Plaintiffs Robert Strickland, Nicole Masters, and Pedro Santos ("Settling Plaintiffs") relating to the Carrington lender-placed insurance ("LPI") program against Defendants Carrington Mortgage Services LLC, Carrington Mortgage Holdings LLC, and Carrington Holding Company LLC (individually and collectively, "Carrington"); Defendants American Modern Insurance Group, Inc., American Modern Home Insurance Company, The Atlas Insurance Agency, Inc., Midwest Enterprises, Inc., American Family Home Insurance Company, American Modern Surplus Lines Insurance Company, American Western Home Insurance Company, American Southern Home Insurance Company, American Modern Insurance Company of Florida, Inc.,

American Modern Select Insurance Company, and American Modern Lloyds Insurance Company, (individually and collectively, the "AMIG Defendants"); and Defendant Southwest Business Corporation ("SWBC") (Carrington, AMIG Defendants, and SWBC collectively referred to as "Defendants"), have been settled pursuant to the Stipulation and Settlement Agreement dated April 28, 2017 (the "Settlement Agreement"). On August 9, 2017, the Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement (the "Settlement") and provisionally certified the Carrington Settlement Class for settlement purposes only.

On January 22, 2018, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether judgment should be entered dismissing the Settling Plaintiffs' claims on the merits and with prejudice, including the claims of Carrington Settlement Class Members who have not requested exclusion from the Carrington Settlement Class; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel and Case Contribution Awards to the Settling Plaintiffs.

Accordingly, the Court **orders** as follows:

1.     The terms and conditions in the Settlement Agreement are incorporated as though fully set forth in this Judgment, and unless otherwise indicated, capitalized terms in this Judgment shall have the meanings attributed to them in the Settlement

Agreement.

2.     The Court has personal jurisdiction over Settling Plaintiffs, Carrington, AMIG Defendants, SWBC, and Carrington Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and the Court has jurisdiction to enter this Judgment. Without in any way affecting the finality of this Judgment, this Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Judgment, and for any other necessary purpose, including, but not limited to, enforcement of the Releases contained in the Settlement Agreement and entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement.

3.     The Settlement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this Litigation and of the strengths and weaknesses of their respective positions. The Settlement was reached after the Parties had engaged in mediation and extensive negotiations. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4.     The Court finds that the prerequisites for a class action under Fed. R. Civ.

P. 23(a) and 23(b) have been satisfied for settlement purposes for each Carrington Settlement Class Member in that: (a) the number of Carrington Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Carrington Settlement Class; (c) the claims of Settling Plaintiffs are typical of the claims of the Carrington Settlement Class they seek to represent; (d) Settling Plaintiffs and Class Counsel have and will continue to fairly and adequately represent the interests of the Carrington Settlement Class for purposes of the Settlement; (e) the questions of law and fact common to Carrington Settlement Class Members predominate over any questions affecting any individual Carrington Settlement Class Member; (f) the Carrington Settlement Class is reasonably ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Accordingly, and pursuant to Fed. R. Civ. P. 23, this Court finally certifies the Carrington Settlement Class.

5.     Pursuant to Fed. R. Civ. P. 23, the Court finally certifies the Carrington Settlement Class for settlement purposes only, as identified in the Settlement Agreement, which shall consist of the following:

> All borrowers in the United States who, from December 1, 2012 to [entry of the Preliminary Approval Order] ("Settlement Class Period"), inclusive of those dates, were charged by Carrington for a hazard, flood, flood-gap, or wind-only LPI Policy for Residential Property issued by AMIG Defendants and/or procured by SWBC during the Settlement Class Period, and who either (i) paid to Carrington all or part of the Net Premium for that LPI Policy, or (ii) were charged but did not pay and still owe to Carrington the Net Premium for that LPI Policy.

Excluded from the Carrington Settlement Class are: (i) individuals who are or were during the Settlement Class Period officers or directors of Carrington, AMIG Defendants, or SWBC, or of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or of any State, their spouses, and persons within the third degree of relationship to any of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was cancelled in its entirety such that any premiums charged and/or collected were fully refunded or credited to the borrower or the borrower's escrow account; and (iv) all borrowers who file a timely and proper request to be excluded from the Carrington Settlement Class. Each such qualifying member of the Class shall be referred to as a "Carrington Settlement Class Member."

The "Settlement Class Period" shall commence on December 1, 2012, and shall continue through and including [date of Preliminary Approval].

6.      The Court finally designates the law firms of Kozyak, Tropin, & Throckmorton, LLP; Podhurst Orseck, P.A.; and Harke Clasby & Bushman LLP as Class Counsel for the Carrington Settlement Class.

7.      The Court finally designates Settling Plaintiffs Robert Strickland, Nicole Masters, and Pedro Santos as the Carrington Settlement Class representatives.

8.      The Court makes the following findings with respect to Class Notice to the Carrington Settlement Class:

8.1.      The Court finds that the distribution or publication of the Publication Notice, the Mail Notice, Claim Form, Claim Form Instructions, Internet advertising, and the creation of the Settlement Website and an interactive voice recording ("IVR") toll-free telephone number system, all as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted notice that

was reasonably calculated, under the circumstances, to apprise Carrington Settlement Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with all legal requirements, including the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

8.2.    Class Counsel has filed with the Court a declaration from JND Legal Administration, the independent third-party Settlement Administrator for the Settlement, establishing that the Mail Notice, Claim Form, and Claim Form Instructions were mailed to Settlement Class Members on October 24, 2017, the Settlement Website was established on October 24, 2017, internet advertising was published beginning November 22, 2017, and the Publication Notice was published on November 13, 2017. Adequate Class Notice was given to the Carrington Settlement Class in compliance with the Settlement Agreement and the Preliminary Approval Order.

9.    Persons who wished to be excluded from the Carrington Settlement Class were provided an opportunity to request exclusion as described in the Mail Notice and on the Settlement Website. The Court finds that the individual interests of the five (5) persons who timely sought exclusion from the Carrington Settlement Class are preserved and that no person was precluded from being excluded from the Carrington

Settlement Class if he or she so desired. Those persons who timely and properly excluded themselves from the Carrington Settlement Class are identified in the attached Exhibit 1.

10.     Defendants have complied with all notice obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1715, *et seq.*, in connection with the proposed Settlement.

11.     The Court finds that there were no objections to the Settlement which futher establishes that the proposed Settlement is fair, reasonable, adequate, and should be approved.

12.     Carrington Settlement Class Members who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of this Judgment, to Class Counsel's application for fees, costs, and expenses, or to the Case Contribution Awards to the Settling Plaintiffs, in accordance with the procedure set forth in the Mail Notice and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

13.     The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and, pursuant to Fed. R. Civ. P. 23(e), are fully and finally approved as fair, reasonable, adequate as to, and in the best interests of, Carrington Settlement Class Members. The Court enters judgment approving and adopting the Settlement and the Settlement Agreement, fully and finally

terminating all claims of Settling Plaintiffs and the Carrington Settlement Class in this Litigation against Carrington, AMIG Defendants, and SWBC, on the merits and with prejudice.

14.    Pursuant to Fed. R. Civ. P. 23(h), the Court awards Class Counsel attorneys' fees and expenses in the amount of one million, one hundred and seventy-five thousand, nine hundred and fifty-three dollars ($1,175,953) payable by Defendants pursuant to the terms of the Settlement Agreement. The Court also awards Case Contribution Awards in the amount of $5,000 to Settling Plaintiff Pedro Santos and $5,000 jointly to Settling Plaintiffs Robert Strickland and Nicole Master, payable by Defendants pursuant to the terms of the Settlement Agreement. Defendants shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel, Additional Plaintiffs' Counsel, or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

15.    The terms of the Settlement Agreement, including all Exhibits thereto, and of this Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in and on, all claims and pending and future lawsuits maintained by Settling Plaintiffs and/or each Carrington Settlement Class Member who did not timely and properly exclude himself or herself from the Carrington Settlement Class, as well as each of their respective heirs, beneficiaries, administrators, successors, and assigns, and all Releasing Persons.

16.     The Releases, which are set forth in Section 10 of the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the entry of this Judgment. The Released Persons are forever released, relinquished, and discharged by the Releasing Persons, including all Carrington Settlement Class Members who did not timely exclude themselves from the Carrington Settlement Class, from all Released Claims (as that term is defined below and in the Settlement Agreement).

16.1.   Although the definitions in the Settlement Agreement are incorporated in and a part of this Judgment, for avoidance of doubt and ease of reference, some of those definitions are repeated as follows:

a.      "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity directly or indirectly. The term "control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of an entity, whether through the ownership of voting securities, by contract or otherwise, and the terms "controlled" and "controlling" have meanings correlative thereto.

b.      "Effective Date" means the first business day after this Judgment has become Final. If no appeal is filed from this Judgment, then the Effective Date means the date on which the time to appeal has expired. If any appeal has been taken from this Judgment, then the Effective Date means the date on which any Review Proceeding (defined below) has been finally disposed of with no further right of review

and in a manner that affirms this Judgment without material modification and renders this Judgment Final.

   c. "Final" means, with respect to any judicial ruling or order, an order that is final for purposes of 28 U.S.C. § 1291, and: (a) the time has expired to file an appeal, motion for reargument, motion for rehearing, petition for a writ of certiorari or other writ ("Review Proceeding") with respect to such judicial ruling or order with no such Review Proceeding having been filed; or (b) if a Review Proceeding has been filed with respect to such judicial ruling or order, then (i) the judicial ruling or order has been affirmed without modification and with no further right of review, or (ii) such Review Proceeding has been denied or dismissed with no further right of review.

   d. "LPI" means the placement of hazard, flood, flood-gap, or wind only insurance pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by Carrington, and/or any person or entity acting for or on Carrington's behalf, to cover a borrower's failure to maintain the required insurance coverage on the Residential Property securing the loan.

   e. "LPI Policy" means one or more certificates for LPI applicable to a borrower's Residential Property, issued pursuant to an LPI master policy issued to Carrington by one of the AMIG Defendants, or one of their Affiliates or agents, including but not limited to SWBC, and/or any other person or entity acting for or on behalf of the AMIG Defendants.

f. "Released Persons" mean individually and collectively, only with respect to Released Claims: (a) Carrington, AMIG Defendants, SWBC, and each of their respective past or present, direct or indirect Affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, insurers, shareholders, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, brokers, distributors, retailers, representatives, and attorneys of any such entities or persons; and (b) any trustee or investor of a mortgage securitization trust that included loans made to any Carrington Settlement Class Member, any owner, investor and/or noteholder of the loans Carrington services for which properties LPI was placed for any Carrington Settlement Class Member, including, but not limited to all of their respective past, present and future, direct or indirect, divisions, parents, subsidiaries, parent companies, and Affiliates, and all of the officers, directors, employees, agents, brokers, distributors, insurers, representatives, contractors, successors and assigns, and attorneys of all such entities.

g. "Releasing Persons" mean Settling Plaintiffs, all Carrington Settlement Class Members who do not properly and timely opt out of the Carrington Settlement Class, and their respective spouses, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys-in-fact, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants

11

in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

16.2    Settling Plaintiffs, each member of the Carrington Settlement Class, and each Releasing Person shall, by operation of this Final Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged Defendants and all other Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Releasing Person has or may have had until the close of the Settlement Class Period, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, at law or in equity, that were or could have been sought or alleged in the Strickland Litigation or the Santos Litigation that relate to, concern, arise from, or pertain in any way to the Released Persons' acts, omissions, policies, or practices concerning Carrington's placement or AMIG Defendants' or SWBC's issuance of LPI Policies, or disclosure or nondisclosure of charges related to the advancing of LPI premiums during the Settlement Class Period, allegedly inflated

premiums charged by Defendants for LPI, alleged "kickbacks" Carrington received or AMIG Defendants or SWBC paid in connection with the Carrington LPI program (including but not limited to alleged no or low-cost loan monitoring services), including but not limited to acts, omissions, policies or practices concerning LPI Policies or to charges for placement of LPI Policies under the Carrington LPI program during the Settlement Class Period ("Released Claims").

        16.2.1.      Released Claims include, but are not limited to, all claims related to Carrington's insurance requirements; the relationship, whether contractual or otherwise, between Carrington, the AMIG Defendants and SWBC regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by Carrington, AMIG Defendants, or SWBC; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation paid or received by Carrington, AMIG Defendants., or SWBC under or in connection with any LPI Policies issued, placed or charged by Carrington, AMIG Defendants, or SWBC; alleged no or low-cost services performed by AMIG Defendants and/or SWBC on behalf of Carrington; any alleged "tying" arrangement, conspiracy, or agreement involving Carrington, AMIG Defendants, and/or SWBC and LPI; any alleged breach of or inducing a breach of fiduciary duty concerning LPI Policies or charges for LPI; any alleged

tortious interference by the AMIG Defendants or SWBC with mortgage loans serviced by Carrington; the payment, receipt, or disclosure or non-disclosure of any payments, expenses, fees, charges, benefits, or features pertaining in any way to, in connection with, or under any LPI Policies, coverage under LPI Policies, or charges for coverage placed or charged by Carrington, AMIG Defendants, or SWBC; payment, transfer, or receipt of any benefit under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by Carrington, AMIG Defendants or SWBC; the content, manner, or accuracy of any communications regarding the placement of any LPI Policies by Carrington, AMIG Defendants, or SWBC; the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by Carrington, AMIG Defendants, or SWBC; all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, and any other fees, costs, and/or disbursements incurred by Class Counsel, Additional Plaintiffs' Counsel, the Settling Plaintiffs, or any Carrington Settlement Class Members in connection with or related in any manner to the Strickland Litigation or the Santos Litigation, the Settlement, administration of the Settlement, and/or the Released Claims, except to the extent expressly stated otherwise in the Settlement Agreement.

16.3    In agreeing to the foregoing Releases, Settling Plaintiffs, for themselves and on behalf of Carrington Settlement Class Members, explicitly acknowledge that unknown losses or claims could possibly exist and that any present

losses may have been underestimated in amount or severity. Settling Plaintiffs or any Carrington Settlement Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the Released Claims or the law applicable to such claims may change. Nonetheless, Settling Plaintiffs and each Carrington Settlement Class Member expressly agree that he/she/they shall have irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent, claims with respect to all Released Claims. Further, Settling Plaintiffs and each Carrington Settlement Class Member agree and acknowledge that he/she/they shall be bound by the Settlement Agreement, including by the Releases, and that all of their claims in the Strickland Litigation asserted against Defendants shall be dismissed with prejudice and released, without regard to subsequent discovery of different or additional facts or subsequent changes in the law, and regardless of whether unknown losses or claims exist or whether present losses may have been underestimated in amount or severity, and even if they never received actual notice of the Settlement or never received Claim Settlement Relief. The Parties acknowledged that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

      16.4.   In connection with the foregoing Releases, the Settling Plaintiffs and each Carrington Settlement Class Member are deemed, as of the entry of this Judgment,

to have waived any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Settling Parties have chosen Florida law to govern the Settlement Agreement—the Settling Plaintiffs hereby agree, and each Carrington Settlement Class Member is deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. The Settling Plaintiffs recognize, and each Carrington Settlement Class Member is deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of this Judgment, they fully, finally, and forever settle and release any and all claims covered by the Released Claims.

16.5    Released Claims do not include claims arising after the close of the Settlement Class Period, nor to insurance claims for physical damage or losses to Residential Properties insured under any LPI Policy placed by Carrington. Nothing in

16

Section 16.2 shall be deemed a release of any Carrington Settlement Class Member's respective rights and obligations under the Settlement Agreement or this Judgment, and shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. Further, and not in limitation of the scope of Released Claims or the definition of Released Persons, nothing in Section 16.2 or any other provision of the Settlement Agreement shall be deemed a release of claims by borrowers who were charged for LPI that was purchased by mortgage servicers other than Carrington.

16.6.   Settling Plaintiffs, Class Counsel, and Additional Plaintiffs' Counsel have represented that there are no outstanding liens or claims against the Strickland Litigation or the Santos Litigation based on or relating to the Released Claims, and Settling Plaintiffs will be solely responsible for satisfying any liens or claims asserted against the Strickland Litigation or the Santos Litigation based on or relating to the Released Claims.

16.7   Settling Plaintiffs and each Carrington Settlement Class Member is deemed to agree and acknowledge that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

16.8   The Releases do not affect the rights of persons in the Carrington Settlement Class who timely and properly submitted a Request for Exclusion.

16.9   The Settlement Agreement shall be the exclusive remedy for all

Carrington Settlement Class Members with regards to the Released Claims.

17.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Judgment, nor any of its terms and provisions shall be:

17.1.   Offered by any person or received against any of the Released Persons as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Persons of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Strickland Litigation or the Santos Litigation regarding the Carrington LPI Program or in any litigation against the Released Persons, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Strickland Litigation or the Santos Litigation regarding the Carrington LPI Program or in any litigation against the Released Persons, or of any liability, negligence, fault or wrongdoing of the Released Persons;

17.2.   Offered by any person or received against any of the Released Persons as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Persons or of any other wrongdoing by any of the Released Persons;

18

17.3    Offered by any person or received against any of the Released Persons as evidence of a presumption, concession, or admission with respect to any liability, negligence, breach, fault, omission, or wrongdoing in any civil, criminal, or administrative action or proceeding;

17.4    Offered or received in evidence in any action or proceeding against any of the Released Persons in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases or this Judgment.

18.    In the event that the Effective Date does not occur, this Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the addition of the New Defendants (as defined in the Settlement Agreement) as defendants to the Litigation shall be void *ab initio*, and it will be as if the New Defendants were never parties to the Litigation.

19.    This Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person in order to support any argument, defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense

or counterclaim.

20.     Settling Plaintiffs and all Carrington Settlement Class Members and their respective family members, heirs, guardians, administrators, executors, predecessors, successors, and assigns, have released the Released Claims as against the Released Persons, and are, from this day forward, permanently barred and enjoined from directly or indirectly (a) filing, commencing, prosecuting, maintaining, intervening in, or participating in (as parties, class members or otherwise), any lawsuit in any jurisdiction before any court or tribunal against any Released Persons based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims; or (b) organizing any Carrington Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims. Any person in violation of this injunction may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction. The foregoing injunction is issued in order to protect the continuing jurisdiction of the Court and to effectuate and implement the Settlement Agreement and this Judgment.

21.     Carrington Settlement Class Members shall promptly dismiss with

prejudice all claims, actions, or proceedings that have been brought by any Carrington Settlement Class Member in any jurisdiction that are based on Released Claims pursuant to the Settlement Agreement and this Judgment, and that are enjoined pursuant to this Judgment.

22.      The claims of Settling Plaintiffs Robert Strickland, Nicole Masters, and Pedro Santos, individually and on behalf of the Carrington Settlement Class, including all individual claims and class claims presented herein, are dismissed on the merits and with prejudice against Carrington, AMIG Defendants, and SWBC without fees (including attorneys' fees) or costs to any party except as otherwise provided in this Judgment.

23.      Settling Parties are directed to implement and consummate the Settlement according to its terms and provisions, as may be modified by the Orders of this Court. Without further order of the Court, Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement, as may be modified by the Preliminary Approval Order or this Judgment.

24.      Pursuant to Rule 54(b), the Court enters Final Judgment as described herein and expressly determines that there is no just reason for delay. Without impacting the finality of this Judgment, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement and this Judgment, including jurisdiction to enter such further orders as may

be necessary or appropriate.

       **DONE AND ORDERED** in Chambers, in Miami, Florida on January 26, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to</u>:**
All counsel of record